No. 247

SUPREME LIFE & CASUALTY CO. v. ELLIS

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1180. Decided Jan. 5, 1925.

1273. WITNESSES—Credibility of, as evidenced by verdict, taken into consideration by Court of Appeals in reviewing transcript.

1235. VERDICT—A unanimous one, by jury is indicative of such credibility.

BY THE COURT:—

Epitomized Opinion

Published only in Ohio Law Abstract

This case was originally tried in the Franklin Common Pleas wherein Mattie Ellis sued the Supreme Life & Causualty Co. for the insurance on the life of her deceased husband. His death, it was claimed by the Casualty Co. was the result of his taking poison. She claimed if he died of poisoning, it was taken by mistake. The Company declared that there was absence of proof of death as required by the policy and the question was one of law to be decided by the court. There was evidence which tended to controvert the innocence of Ellis; as for instance when it was claimed that the medicine, taken by deceased, contained poison, said bottle was rinsed so that no analysis could be made. The jury returned a verdict unanimously in favor of Ellis.

Error was prosecuted, and the Court of Appeals in affirming the judgment of the lower court held:

1. The fact that the jury returned a unanimous verdict carries weight with the reviewing court.

2. The credibility of witnesses as evidenced by the verdict of the jury, is taken into consideration.

Attorneys—W. E. King and Charles Wardlow for Casualty Co.; F. S. Monnett and C. R. Doll for Ellis; all of Columbus.

---

No. 248

WILLIAMS v. HANN

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1198. Decided Feb. 4, 1925.

1235. VERDICT—May stand upon one of several defenses submitted, when no prejudicial error exists as to that one.

ALLREAD, J.

Rollin Williams brought an action in the Franklin Common Pleas to recover commission from Floyd Hann, for the exchange of certain real estate. Hann's answer was in three defenses, a general denial, misrepresentation as to the mortgages to be assumed by him in the exchange, written contract did not express true contract, because of said representations as to the mortgage.

Motions for directed verdicts on part of both Hann and Williams were overruled, and the case was submitted to the jury, who returned a unanimous verdict in Hann's favor. On prosecution of error the Court of Appeals held:

1. There was evidence tending to prove the defense of misrepresentation upon the part of Williams; the jury was properly instructed as to the material feature of this defense, and no prejudical error existed.

2. The verdict of the jury may be upheld upon the second defense and it is immaterial whether error occurred upon the remaining defenses. Judgment affirmed.

Attorneys—August W. Weber, for Williams; James G. Westwater for Hann; both of Columbus.